UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cr-00014-SRC-1 |
| | ) | |
| NATHAN COLE, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

Before the Court is Nathan Cole's Motion for Emergency Administrative Stay and Stay Pending Appeal. Doc. 94. In his motion, Cole sets forth a list of alleged injuries he will sustain if he is transferred to the BOP. *See id.* at 7 (The Court cites to page numbers as assigned by CM/ECF.). Among other things, Cole alleges that transfer to the BOP will create a "barrier on his ability to prepare a defense in a meaningful way." *Id.* Cole argues that "a stay pending appeal does not necessarily imply release rather it simply prevents [him] from transferring to BOP custody," but notes that he "ultimately desires release pending appeal . . . and remaining on supervised release pending the outcome of [the] criminal proceeding." *Id.* at 8. The United States opposes Cole's motion. Doc. 96.

I.      **Background**

In January 2020, a federal grand jury indicted Cole on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docs. 1–2. After his arrest, U.S. Pretrial Services prepared a Bail Report. *See* doc. 13. The Bail Report revealed that Cole has several felony convictions for 1st degree burglary, attempted 2nd degree burglary (2 convictions), 2nd degree burglary (2 convictions), theft/sealing (2 convictions), possession of

burglary tools, and resisting/interfering with arrest for a felony.  *Id.* at 3–4.  At that time, U.S.

Pretrial Services advised that Cole posed a risk of nonappearance for the following reasons:

1. [Cole's] conduct prior to and during arrest for instant federal offense.
2. Criminal history including record of evading supervision from the Missouri Board of Probation and Parole.
3. Current untreated mental health condition.
4. Criminal history including record of Failure to Appear.
5. Criminal activity while under supervision.
6. Lack of verifiable and/or legitimate employment.
7. Pending charges and [Cole] ordered detained in Case No.: 1922-CR03658.
8. Probation and/or parole and a history of non-compliance.

*Id.* at 6.  U.S. Pretrial Services also advised that Cole posed a risk of danger for the following

reasons:

1. Nature of instant offense, as it relates to the proliferation of illegal possession of firearms.
2. [Cole's] prior arrests for crimes of violence.
3. Substance abuse history and addiction, as a precursor to the commission of crimes.
4. Current charge involving gun violence.
5. Criminal activity while under supervision.
6. Case No.: 1922-CR03658 involving domestic violence.
7. Case No.: 1922-CR03658 involving injury of an identifiable victim.
8. Convictions for violent behavior.

*Id.*  Cole ultimately waived his detention hearing and Judge Collins ordered him detained

pending trial.  Doc. 14.

In December 2020, Cole pleaded guilty to the one-count indictment.  Doc. 40.  Cole

entered into a guilty-plea agreement with the United States, admitting the following facts:

**Shooting on November 17, 2019**

On or about November 17, 2019, St. Louis Metropolitan Police Department officers were dispatched to 3420 Chippewa Street, in St. Louis, Missouri, within the Eastern District of Missouri, regarding a shooting.  Specifically, a caller stated that a man, later identified as Defendant Nathan Cole, exited a blue car and was shooting at a female.  Officers then arrived at the scene and saw a blue Subaru matching the caller's description of the vehicle that the shooter had exited.  When officers

attempted to stop the blue Subaru, [Cole], who was driving the vehicle, sped away from the scene. Officers then pursued [Cole], but he drove recklessly—ignoring stop signs and forcing other vehicles to swerve to avoid a collision. [Cole] even sped through the area surrounding an elementary school, which had just dismissed students for the day. Nonetheless, [Cole] continued driving recklessly. The officers eventually lost sight of the Subaru that day.

Meanwhile, officers subsequently spoke to witnesses of the shooting, who confirmed, among other matters, that a man, later identified as [Cole], did the following: (1) shot at a female victim several times; (2) put a gun to the victim's head; (3) forced the victim into a blue car (*i.e.* the Subaru) at gunpoint, (4) and sped off in vehicle with the victim, when police arrived at the scene.

Notably, the blue Subaru was later determined to be stolen, with license plates stolen from yet another vehicle. Officers also obtained surveillance footage from a service station indicating that (a couple hours after the shooting) [Cole] drove the Subaru to a service station, where he engaged in a hand-to-hand narcotics transaction.

**Apprehension on November 18, 2019**

The following morning after the shooting, on November 18, 2019, officers located the blue Subaru at the intersection at Natural Bridge Boulevard and Goodfellow Boulevard in St. Louis, Missouri. [Cole] was driving the vehicle. [Cole] still had the shooting victim with him. When officers attempted to pull over the vehicle, [Cole] again fled from officers. In doing so, [Cole] swerved in front of a school bus, causing it to slam on its brakes to avoid a collision. [Cole] then continued to drive recklessly—speeding, making U-turns, fishtailing, and causing other vehicles to swerve out of the way to avoid a collision. Eventually, [Cole] lost control of the Subaru, colliding with a concrete barrier in a median on Goodfellow Boulevard, within the Eastern District of Missouri.

[Cole] opened the driver's side door of the Subaru. He failed to comply with orders to show his hands. However, [Cole] eventually exited the vehicle. As he did so, officers saw the butt end of a firearm in the driver's seat, underneath [Cole's] thighs. [Cole] was then taken into custody. He had the keys for the Subaru in his pocket.

The shooting victim was on the passenger side of the vehicle. Her face was covered in blood.

Officers seized [Cole's] firearm from the vehicle, a Rock Island .45 caliber semiautomatic pistol. The pistol had eight rounds in the magazine and a round in the chamber. Law enforcement officers subsequently discovered that the gun had been reported stolen.

3

> After being read his *Miranda* rights, [Cole] was interviewed by police officers. He also gave a written statement. [Cole] specifically admitted to owning the .45 caliber semi-automatic pistol and shooting it, on or about, November 17, 2019. [Cole] initially stated that he had not fired shots that evening. He then stated he had "test-fired" the pistol that night. However, he ultimately admitted to arguing with the victim and "shooting into the air'" in the victim's presence. [Cole] further admitted to fleeing from police officers "'because of my P.O.'" *i.e.* parole officer.

> [Cole] specifically admits that he knowingly possessed the pistol described above on or about November 17 and 18, 2019.

*Id.* at 3–5. In March 2021, United States District Judge Ronnie L. White, now retired, sentenced Cole to 48 months' imprisonment and two years' supervised release. Doc. 53 at 2–3.

Cole's supervision commenced on November 15, 2024. Doc. 62 at 1. Less than six months later, U.S. Probation informed the Court that Cole had "tested positive for the use of fentanyl and marijuana, failed to attend treatment as required, failed to report to drug testing as required, failed to obtain full time employment, and has engaged in criminal activity." *Id.* at 4. The criminal activity took place on March 26, 2025, when the St. Louis County, Missouri Police Department arrested Cole for felony aggravated fleeing. *Id.* at 1–2. As a result, the Court issued a warrant for Cole's arrest. *See id.* at 5.

After his arrest in September 2025, United States Magistrate Judge Noelle C. Collins held a detention hearing. Doc. 65. This time, Cole argued for release. *See id.* Nevertheless, Judge Collins found "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure [Cole's] appearance as required." Doc. 73 at 3. Judge Collins cited the following reasons for detention: (1) "[w]eight of evidence against [Cole] is strong," (2) "[l]ack of stable employment," (3) "[h]istory of alcohol or substance abuse," (4) "[p]rior criminal history," (5) "[o]n probation, parole, and/or release pending trial, sentence appeal, or completion

4

of the sentence at the time of the alleged offense," (6) "[p]articipation in criminal activity while

on probation, parole, or supervision," and (7) "[Cole's] release poses serious danger to any

person or the community." *Id.* Judge Collins further explained:

> On September 19, 2025, [Cole] made a knowing and voluntary waiver of the right
> to a preliminary hearing. [Judge Collins] found probable cause to believe the
> defendant violated the conditions of supervised release previously imposed in this
> cause. Based on the record made at the detention hearing, the Court finds that it is
> unlikely that the defendant would abide by similar conditions if admitted to bail at
> this time and that he should be detained.

*Id.* at 4. Cole did not appeal Judge Collins's order.

At the final-supervised-release-revocation hearing, Cole admitted guilt to the Grade C

violations but contested the Grade B violation. Doc. 78; *see also* doc. 80 at 1. Following Officer

Kranz's testimony, the Court found Cole guilty of the Grade B violation. *See* doc. 79; doc. 80 at

1. As a result of Cole's violations, the Court revoked his supervision and sentenced him to 24

months' imprisonment and 12 months' supervised release. Doc. 80 at 3–4. Cole appealed the

Court's Judgment, doc. 89, and then filed his Motion for Emergency Administrative Stay and

Stay Pending Appeal, doc. 94.

## II.    Standard

Federal Rule of Criminal Procedure 38(b) governs stays of imprisonment:

> (1) *Stay Granted.* If the defendant is released pending appeal, the court must stay a
> sentence of imprisonment.

> (2) *Stay Denied; Place of Confinement.* If the defendant is not released pending
> appeal, the court may recommend to the Attorney General that the defendant be
> confined near the place of the trial or appeal for a period reasonably necessary to
> permit the defendant to assist in preparing the appeal.

Relatedly, 18 U.S.C. § 3143(b) governs release or detention pending appeal by the Defendant:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person
> who has been found guilty of an offense and sentenced to a term of imprisonment,

and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

A defendant bears the burden of establishing that he is entitled to release pending appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc). In discussing 18 U.S.C. § 3143(b)(1), the Eighth Circuit has explained that the "Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" *United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) (per curiam) (quoting *Powell*, 761 F.2d at 1231).

## III.    Discussion

To release Cole pending appeal, the Court must "find (A) by clear and convincing evidence that the defendant is unlikely to flee or pose a danger to others, ***and*** (B) that his appeal 'raises a substantial question of law or fact' that is likely to result in reversal, new trial, or reduction to a sentence that would be served before disposition of the appeal." *Marshall*, 78 F.3d at 366 (quoting 18 U.S.C. § 3143(b)(1)(A)–(B)).

Cole makes no attempt to argue that he is unlikely to flee or pose a danger to others.  *See* doc. 94.  And the United States argues that Cole cannot overcome 18 U.S.C. § 3143(b)(1)'s presumption of detention because he is likely to flee or poses a danger to the safety of any other person or the community.  Doc. 96 at 5.

For the reasons set forth in Judge Collins's Order of Detention, doc. 73, the Court cannot find by clear and convincing evidence that Cole is not likely to flee or to pose a danger to the safety of any other person or the community if released.  *See* 18 U.S.C. § 3143(b)(1)(A).  Therefore, the Court denies Cole's Motion for Emergency Administrative Stay and Stay Pending Appeal.  Because Cole fails to satisfy the statute's first requirement, the Court need not address the statute's second requirement.

## IV.    Conclusion

Accordingly, the Court denies Cole's [94] Motion for Emergency Administrative Stay and Stay Pending Appeal.

Dated this 13th day of November 2025.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE